IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIE JAMES JONES, #A0234438, | ) CIV. NO. 18-00226 LEK-RLP |
| Plaintiff, | ) ) ORDER DISMISSING COMPLAINT ) AND ORDER TO SHOW CAUSE ) |
| vs. | ) ) |
| MELVIN K. SOONG, KEITH M. KANESHIRO, MARK CRICCHIO, ANTHONY COLON, FRANK FASI, BENJAMIN CAYETANO, CITY AND COUNTY OF HONOLULU, | ) ) ) ) ) ) |
| Defendants, | ) ) ) |

## ORDER DISMISSING COMPLAINT AND ORDER TO SHOW CAUSE

Pro se Plaintiff Willie James Jones, who is
incarcerated at the Halawa Correctional Facility
("HCF"), alleges that Defendants[1] violated his federal
and state civil rights during his arrest, prosecution,
conviction, and sentencing proceedings twenty-three

---

[1] Jones names the Honorable Melvin K. Soong, Circuit Court
of the First Circuit, State of Hawaii ("circuit court"); the City
and County of Honolulu ("Honolulu C&C"); Honolulu C&C Prosecuting
Attorney Keith M. Kaneshiro; Honolulu Police Department ("HPD")
Officers Mark Cricchio and Anthony Colon; former Honolulu C&C
Mayor Frank Fasi; and former Hawaii Governor Benjamin J. Cayetano
as Defendants.

years ago in *State v. Jones*, Cr. No. 95-1384,
1PC950001384 (Haw. 1st Cir. Ct. 1996).[2]  *See* Comp., ECF.
No. 1, PageID #6-#9.

For the following reasons, Jones's Complaint is
DISMISSED for failure to state a colorable claim for
relief.  Jones is ORDERED to show cause in writing
explaining why this action is not barred as untimely,
under the doctrine of res judicata, and as set forth in
*Heck v. Humphrey*, 512 U.S. 477 (1994).  Jones is
granted leave to amend those claims that are not
dismissed with prejudice.  Failure to timely show good
cause *and* file an amended pleading on or before
September 24, 2018 will result in dismissal of this
action without further notice.

---

[2] The court takes judicial notice that Jones was convicted
by a circuit court jury on November 22, 1995, and sentenced by
Judge Soong on August 19, 1996 to concurrent extended term
sentences of life imprisonment with the possibility of parole for
first-degree sexual assault and twenty years imprisonment for
kidnapping.  *See State v. Jones*, Cr. No. 95-1384, IPC950001384
(Haw. 1st Cir. Ct. 1996); avail: www.courts.state.hi.us.  *See*
*Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding
court "may take notice of proceedings in other courts, both
within and without the federal judicial system, if those
proceedings have a direct relation to matters at issue"); Fed. R.
Evid. 201(b).

# I.  <u>STATUTORY SCREENING</u>

Because Jones is a prisoner and alleges claims against government officers, the court is required to conduct a pre-answer screening of his pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Screening under §§ 1915(e)(2) & 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Under Rule 12(b)(6), a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. CLAIMS AND BACKGROUND

In Count I, Jones alleges that Judge Soong violated the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the Hawaii Constitution when he imposed extended term sentences in Cr. No. 95-1384, and thereby allegedly falsely imprisoned him. Compl., ECF No. 1, PageID #5.

In Count II, Jones alleges that Kaneshiro violated his rights "through and by his employee," Deputy Prosecutor Darrell Wong, when Kaneshiro allegedly directed Wong to act "outside the scope of his . . .

duties," and have Jones charged "without reading him his rights."[3]  *Id.*, PageID #2, 6.  Jones further claims that Wong: (1) prosecuted him despite Wong's knowledge that HPD had allegedly determined that no crime had been committed; (2) failed to inform the jury of the kidnapping charge; (3) improperly elevated the kidnapping charge to a Class A felony from a Class B felony;[4] and (4) "illegally cojoined" the kidnapping and sexual assault charges.  *Id.*, PageID #6.

In Count III, Jones alleges that Cricchio lied regarding events surrounding Jones's arrest, Colon failed to explain why Jones was under arrest, and an anonymous officer administered Jones an "Intoxilyzer" test, each having failed to read Jones his Miranda warnings.  Jones seeks compensatory and punitive damages.

---

[3] Jones names only Wong in Count II, but suggests that Kaneshiro is liable for Wong's actions as Wong's supervisor or in his official capacity as Honolulu C&C Prosecuting Attorney.

[4] The docket in Cr. No. 95-1384 shows that the circuit court granted a defense motion to reduce the kidnapping charge to a "B" Felony and that Jones was convicted of kidnapping, noted as a "Felony Class B."  *See* www.courts.state.hi.us.

On March 31, 2011, Jones brought an earlier civil rights action in this court, in which he alleged that Deputy Prosecutor Darrell J.K. Wong and the Honolulu C&C maliciously prosecuted him in Cr. No. 95-1384. *See Jones v. Wong*, Civ. No. 11-000209 JMS-RLP (D. Haw. 2011).[5] Chief U.S. District Judge J. Michael Seabright dismissed this action with prejudice on May 26, 2011, for Jones's failure to state a claim. *See id.*, ECF No. 7.

On October 16, 2012, the Ninth Circuit Court of Appeals affirmed Judge Seabright's decision, finding that the "district court properly dismissed Jones's claims against defendant Wong on the basis of prosecutorial immunity [and] . . . against the [Honolulu C&C] because Jones failed to allege facts showing that his injury was caused by individual officers whose conduct conformed to an official policy,

---

[5] In Civ. No. 11-00209, Jones alleged that Wong initiated charges against him in a second case, Cr. No. 95-2042, and presented misleading information to a grand jury, for the sole purpose of moving for an extended term sentence in Cr. No. 95-1384. *See* Civ. No. 11-00209, ECF No. 6-1. Jones sought damages from Wong and the Honolulu C&C for malicious prosecution.

custom, or practice." App. No. 11-16523 (9th Cir. 2012) (citations omitted); *see* Civ. No. 11-000209, Order of USCA, ECF No. 15.

The Hawaii Intermediate Court of Appeals ("ICA") recently denied Jones's fourth state habeas petition seeking post-conviction relief in Cr. No. 95-1384. *See Jones v. State*, CAAP-14-0001077 (Haw. App. April 27, 2017) (affirming circuit court's Order Denying Fourth Petition in S.P.P. No. 13-1-0033), *cert. rejected*, SCWC-14-0001077 (Haw. Sept. 25, 2017).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the

8

injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A.    Heck v. Humphrey

Jones alleges that he has been falsely imprisoned for the past twenty-three years, pursuant to his arrest and conviction in Cr. No. 95-1384.  *See* Compl., ECF No. 1, PageID #5-7.  Jones therefore challenges the lawfulness of his conviction in Cr. No. 95-1384.

In *Heck*, the Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  512 U.S. at 489. *Heck* therefore generally bars all claims challenging the validity of an arrest, prosecution, or conviction. *See Guerrero v. Gates*, 442 F .3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy to bring false charges); *Cabrera v. City of Huntington*

9

*Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding *Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated). Such claims "necessarily imply" the invalidity of a conviction. *See*, *e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred, because the claim would necessarily imply the invalidity of subsequent conviction); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584–85 (9th Cir.1995) (per curiam) (finding claim alleging officers failed to read Miranda warnings was *Heck*-barred); *Ortiz v. Cty. of L.A.*, 2013 WL 2371181 at *4 (C.D. Cal. May 29, 2013) (finding civil rights claims against police officers for failure to give Miranda warnings Heck-barred).

Jones's conviction has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *Heck*, 512 U.S. at 489, and he remains imprisoned as of the date that he commenced this action. Because Jones's claims against all

Defendants are *Heck*-barred, they are subject to dismissal.

## B. Res Judicata

The terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata bars the relitigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Under this doctrine, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in the action and all claims arising out of the same transaction or occurrence. *See Taylor*, 553 U.S. at 891-92; Rest. 2d Judgments § 18.

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

Claim preclusion "bars all grounds for recovery *which could have been* asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal. *Headwaters, Inc.*, 399 F.3d at 1055. "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Id.* at 1054–1055(quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)).

To determine whether a later litigation concerns the same claims as a former litigation, the court considers: "(1) whether rights or interests established

in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts," with the fourth factor being the most important. *Headwaters, Inc.*, 399 F.3d at 1052.

First, Jones's allegations here arise out of the same nucleus of facts and allege violations of essentially the same rights as those that he alleged in Civ. No. 11-00209. That is, both cases are based on Jones's allegations that he was improperly arrested, charged, prosecuted, and sentenced in Cr. No. 95-1384. In particular, Jones alleges here that he is being "falsely imprisoned" due to the police, deputy prosecutor's, and judge's wrongful actions before and during his state criminal trial in Cr. No. 95-1384. These claims constitute the "same claims" as he alleged in Cr. No. 95-1384, because Jones could have raised each of these claims in that case, although he confined

his claims in Civ. No. 11-00209 to Wong and the Honolulu C&C. *See Hiser v. Franklin*, 94 F.3d 1287, 1290-91 (9th Cir. 1996); *Pedrina v. Chun*, 906 F. Supp. 1377, 1400 (D. Haw. 1995) ("[A] plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that was not alleged in his prior action or by pleading a new legal theory.") (citing *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *Stavrinides v. PG&E*, 2016 WL 3345426, at *1 (N.D. Cal. June 16, 2016).

Second, Judge Seabright dismissed Civ. No. 11-00209 for Jones's failure to state a claim, and final judgment was entered on May 26, 2011. *See id.*, ECF No. 8. The Ninth Circuit upheld this decision in all respects. Thus, Civ. No. 11-00209 constitutes a final judgment on the merits of Jones's asserted claims here seeking damages for his arrest, prosecution, and conviction in Cr. No. 95-1384.[6] *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme

---

[6] The court makes no determination whether Jones can raise these claims in a petition for writ of habeas corpus, although it appears that the applicable statute of limitation for raising such habeas claims is long-expired. *See* 28 U.S.C. § 2244(d).

Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.") (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

Third, Jones either names the same Defendants here (the Honolulu C&C and Wong), or there is privity between the parties. Parties are in privity when a party to the latter litigation is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc.*, 399 F.3d at 1052–53 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03(1940)).

Here, Wong and Honolulu C&C, the named defendants in Civ. No. 11-0029, and all Defendants in this action are identified in interest. Wong, Kaneshiro, Cricchio, Colon, and Fasi are present or former Honolulu C&C officials or employees. Jones does not explain why he names former Governor Cayetano, but it appears he does so in the mistaken belief that Cayetano was connected to his arrest and prosecution in Cr. No. 95-1384. Jones's claims in both cases are premised on that arrest, prosecution, and conviction. In fact, all Defendants here are sued in their official capacities, suggesting that they are sued based on their positions in State or Honolulu C&C government. Thus, they represent precisely the same alleged deprivation of rights as Jones alleged against Wong and Honolulu C&C in Civ. No. 11-00209. *See Brooks v. Alameida*, 446 F. Supp.2d 1179, 1183 (S.D. Cal. Aug. 11, 2006) (holding privity existed between prison officials where parties in the second suit held the same positions and stood in the same relation to the prisoner-plaintiff as those in the earlier suit); *see also Hutchison v. Cal. Prison*

*Indus. Auth.*, 2015 WL 179790, at *3–4 (N.D. Cal.
Jan. 14, 2015) (privity existed between state prison
system employees who were employed by same state
agencies and engaged in the same conduct).

Based on this, the court concludes that res
judicata prohibits Jones's attempt to relitigate his
claims here, as they were previously decided on their
merits in Civ. No. 11-00209.

## C.  Absolute Judicial Immunity

A court should make determinations of immunity
early in the course of litigation, and is required to
do so under § 1915, because that statute presents
entitlement to "'immunity from suit rather than a mere
defense to liability.'"  *Pearson v. Callahan*, 555 U.S.
223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S.
511, 526 (1985)).

"Judges and those performing judge-like functions
are absolutely immune from damage liability for acts
performed in their official capacities."  *See*, *e.g.*,
*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)
(en banc); *Chun v. Hawaii State Family Court Rules*

*Under Honorable Judge Nakashima*, 2018 WL 2974387, at *4
(D. Haw. June 13, 2018).  Judicial immunity applies
even when the acts at issue are taken in excess of the
judge's jurisdiction."  *Stump v. Sparkman*, 435 U.S.
349, 355 (1978); *see also Sadoski v. Mosley*, 435 F.3d
1076, 1079 (9th Cir. 2006) (reasoning that "[a] judge
will not be deprived of immunity because the action he
took was in error, was done maliciously, or was in
excess of his authority") (citing *Stump*, 436 U.S. at
356).

Judge Soong is entitled to immunity from Jones's
claims that he collaborated with Wong's alleged
"prosecutorial misconduct," when Soong imposed Jones's
enhanced sentences.  Compl., ECF No. 1, PageID #5.
Claims against Judge Soong are DISMISSED with prejudice
as this claim cannot be amended to state a claim.

**D.  Statute of Limitation**

A failure to comply with the applicable statute of
limitation may be grounds for dismissal at the
screening phase, if it is evident from the face of the
complaint that the plaintiff cannot "prevail, as a

matter of law, on the equitable tolling issue."
*Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th
Cir. 1993). Because § 1983 does not contain its own
statute of limitation, the court applies Hawaii's two-
year statute of limitation for personal injury actions.
*See Butler v. Nat'l Cmty. Renaissance of California*,
766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal
limitations period, the federal courts apply the forum
state's statute of limitations for personal injury
actions, along with the forum state's law regarding
tolling, including equitable tolling, except to the
extent any of these laws is inconsistent with federal
law."); *see also Pele Defense Fund v. Paty*, 73 Haw 578,
597-98 (1992) (discussing Haw. Rev. Stat. § 657-7,
Hawaii's two-year "general personal injury" provision).

While state law determines the statute of
limitation for § 1983 claims, "'federal law determines
when a civil rights claim accrues.'" *Azer v. Connell*,
306 F.3d 930, 936 (9th Cir. 2002) (quoting *Morales v.
City of L.A.*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).
Under federal law, "a claim accrues when the plaintiff

knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Jones complains of actions that occurred between twenty-three and twenty-two years ago. He was clearly aware of these actions then, and no later than 2011, when he filed Civ. No. 11-00209.

Section 657-13 tolls the limitation period for prisoners who are incarcerated for a term less than life, minors, and insane litigants, and this tolling applies to claims against Honolulu C&C and the HPD. *See Coles v. Eagle*, 2014 WL 2214046, at *4 (D. Haw. May 27, 2014) (citing *Dusenberry v. Cty. of Kauai*, 2007 WL 3022243, at *4 (D. Haw. Oct. 12, 2007). Jones, however, was sentenced to a life term in Cr. No. 95-1384, and § 657-13 does not apply to toll his claims.

A court may extend the statute of limitation "as necessary to ensure fundamental practicality and fairness" by the application of Hawaii's doctrine of equitable tolling, "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Jones v. Blanas*, 393 F.3d

918, 928 (9th Cir. 2004). Equitable tolling is appropriate in § 1983 cases where there is "timely notice, [lack] of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983)). Equitable tolling also applies to toll the statute of limitation while a plaintiff exhausts administrative remedies. *Id.* at 930–31.

Jones's claims appear time-barred on the face of the Complaint and nothing within it indicates that equitable tolling applies, particularly in light of Jones's ability to bring Civ. No. 11-00209 more than eight years ago. Jones may, however, show cause why this action should not be dismissed as time-barred, if possible. *See Carl Kelly v. Islam*, 2018 WL 2670661, at *2 (E.D. Cal. June 1, 2018) (ordering prisoner to show cause why his complaint should not be dismissed as time-barred).

**E.  Official Capacity Claims**

An "official-capacity suit is, in all respects
other than name, to be treated as a suit against the
entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985);
*see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985);
*Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir.
1991).  Such a suit "is not a suit against the official
personally, for the real party in interest is the
entity." *Graham*, 473 U.S. at 166.

A local government entity such as the Honolulu C&C
and HPD, "may not be sued under § 1983 for an injury
inflicted solely by its employees or agents.  Instead,
it is only when execution of a government's policy or
custom, whether made by its lawmakers or by those whose
edicts or acts may fairly be said to represent official
policy, inflicts the injury that the government as an
entity is responsible under § 1983." *Monell*, 436 U.S.
at 694.  That is, neither HPD nor the Honolulu C&C may
be held liable for actions of the individual Defendants
whose alleged conduct gave rise to Jones's claims
unless "the action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91.

Jones alleges no unconstitutional policy or custom that the individual Defendants were following. Rather, he alleges a series of acts that Defendants allegedly took in their personal capacities. Jones's claims for damages against any individual Defendant named in his official capacity fails to state a claim and are DISMISSED.

**F.  Defendants Fasi and Cayetano**

Jones names former Honolulu Mayor Fasi and former Hawaii Governor Cayetano, but alleges no facts regarding what they did or failed to do that violated his rights or otherwise linking them to his claims. Jones therefore fails to allege "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Claims alleged against Fasi and Cayetano fail to state a claim and are DISMISSED with leave to amend.

## IV. <u>CONCLUSION</u>

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Jones's claims as alleged against Defendant Melvin K. Soong are DISMISSED with prejudice. Jones's other claims are DISMISSED with leave to amend.

(2) On or before September 24, 2018, Jones is DIRECTED to show cause why this action should not be dismissed as time-barred, pursuant to the doctrine of res judicata, and pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

(3) On or before September 24, 2018, Jones must either file a "First Amended Complaint" that cures the deficiencies in his claims as discussed in this Order OR notify the court in writing that he will voluntarily dismiss this action.

(4) Failure to timely comply with this Order shall result in the dismissal of this action with prejudice for failure to state a claim and may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 25, 2018.



_/s/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge

*Jones v. Soong, et al.*, No. 1:18-cv-00226 LEK-RLP; scrn 2018 Jones 18-226 lek (paid dsm sol, res. jud. Heck, ftsc)

25