IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIE JAMES JONES, #A0234438, ) | CIV. NO. 18-00226 JAO-RLP |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| ) | AMENDED COMPLAINT AND |
| vs. ) | ACTION |
| ) | |
| MELVIN K. SOONG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |

Before the court is pro se Plaintiff Willie James Jones's first amended complaint (FAC). Jones alleges that Honolulu Police Department (HPD) Officers Mark Cricchio and Anthony Colon (Defendants) violated his constitutional rights during his arrest twenty-three years ago.[1] *See* FAC, ECF. No. 8.

The FAC is DISMISSED as both time-barred and precluded by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Further leave to amend is futile and this action is DISMISSED with prejudice.[2]

---

[1] Jones was arrested in July 1995, for sexual assault and kidnapping. *See State v. Jones*, Cr. No. 95-1384 (Haw. 1st Cir. Ct.), avail: www.courts.state.hi.us.; *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); Fed. R. Evid. 201(b). Jones was found guilty by jury trial of sexual assault in the first degree and kidnapping; he was sentenced on August 19, 1996, to concurrent terms of life with parole and twenty years, respectively.

[2] Although dismissal under *Heck* is without prejudice, *see Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam), Jones's claims are also time-barred and this action is dismissed with prejudice.

# I. BACKGROUND

Jones filed the original Complaint in this action on June 14, 2018. ECF No. 1.

On June 25, 2018, the Honorable Leslie E. Kobayashi dismissed the Complaint for Jones's failure to state a colorable claim for relief. *See* Order, ECF No. 5. First, Judge Kobayashi dismissed Jones's Complaint as *Heck*-barred, because it was clear from the face of the Complaint that Jones's claims, if successful, would call into question his arrest and conviction in Cr. No. 95-1384, which has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489; *see* June 25, 2018 Order, ECF No. 5, PageID #21.

Next, Judge Kobayashi dismissed Jones's claims under the doctrine of res judicata, based on his unsuccessful litigation of the same claims against the same Defendants in *Jones v. Wong*, Civ. No. 11-000209 JMS-RLP (D. Haw. 2011) (dismissed with prejudice for failure to state a claim May 26, 2011), *aff'd,* App. No. 11-16523 (9th Cir. 2012).

Judge Kobayashi then dismissed Jones's claims against (1) the Honorable Melvin K. Soong as barred by judicial immunity; (2) all Defendants named in their official capacities; and (3) former Honolulu Mayor Frank Fasi and former Hawaii

Governor Ben Cayetano, for Jones's failure to link them to his claims. *See* Order, ECF No. 5, PageID #29, #34-35.

Finally, Judge Kobayashi explained that Jones's claims appeared time-barred on the face of the Complaint, and ordered him to show cause on or before September 24, 2018, explaining why this action should not be summarily dismissed as time-barred. *Id.*, PageID #32.

On July 5, 2018, Jones filed a motion for appointment of counsel. ECF No. 6.

On July 16, 2018, Jones filed the FAC. ECF No. 9. Jones alleges that Defendants caused him to be falsely imprisoned for the past twenty-three years since his arrest by allegedly failing to read the *Miranda* warning and racially profiling him. *See id.*, PageID #44-45. Jones seeks damages only.

On September 5, 2018, this action was reassigned to the undersigned. ECF No. 10. Jones has not responded to the Order to Show Cause.

## II. <u>STATUTORY SCREENING</u>

The court is required to screen Jones's pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a complaint or claim that is

frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) & 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal

without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that : (1) a right secured by the Constitution or laws of the United States was violated, (2) the alleged violation was committed by a person acting under the color of state law, *see West v. Atkins*, 487 U.S. 42, 48 (1988), and (3) he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) .

### A. *Heck v. Humphrey*

Jones alleges that Cricchio and Colon failed to read a *Miranda* warning when they arrested him in July 1995, resulting in his conviction in Cr. No. 95-1384 on or about August 19, 1996, and alleged false imprisonment. First, as Jones was carefully informed, a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck* 512 U.S. at 489. *Heck* generally bars all claims challenging the validity of an arrest, prosecution, or conviction. *See*

*Guerrero v. Gates*, 442 F .3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy to bring false charges); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding *Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated). Specifically, claims that seek damages for an allegedly unlawful conviction based on a police officer's alleged failure to read a defendant his *Miranda* rights during the arrest, are *Heck*-barred. *See, e.g.*, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (per curiam) (finding claim alleging officers failed to read *Miranda* warnings was *Heck*-barred); *Ortiz v. Cty. of L.A.*, 2013 WL 2371181 at *4 (C.D. Cal. May 29, 2013) (finding civil rights claims against police officers for failure to give *Miranda* warnings *Heck*-barred). These types of claims "necessarily imply" the invalidity of a conviction.

Jones's 1996 conviction in Cr. No. 95-1384 has not been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Jones's claims against Defendants Cricchio and Colon are *Heck*-barred and are DISMISSED without prejudice.

### D.    Statute of Limitation

Because § 1983 contains no statute of limitation, "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum

state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). The court applies Hawaii's two-year statute of limitation for personal injury actions, Haw. Rev. Stat. § 657-7, to Jones's claims. *See Beckstrand v. Read*, 680 Fed. App'x 609, 610 (9th Cir. 2017) (citing Haw. Rev. Stats. § 657-7, and stating, "[a]ctions for the recovery of compensation for damage or injury to persons . . . shall be instituted within two years after the cause of action accrued"); *Hyland v. Office of Hous. & Cmty. Dev.*, 2018 WL 4119903, at *6 (D. Haw. Aug. 29, 2018).

While state law determines the statute of limitation for § 1983 claims, "'federal law determines when a civil rights claim accrues.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (quoting *Morales v. City of L.A.*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). Under federal law, "a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).

False imprisonment is defined as detention without legal process. *See Wallace v. Kato*, 549 U.S. 384, 388-89 (2007) (noting that unlawful detention that is remediable by the torts of false arrest and false imprisonment is "detention

without legal process").³ The statute of limitation for false imprisonment begins to run when the false imprisonment ends, and "false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*, 549 U.S. at 389 (citations omitted) (emphasis in the original). Jones was arraigned on July 20, 1995, thus, his false imprisonment claims accrued no later than that date.

Because Jones was sentenced to a life term in Cr. No. 95-1384, Haw. R. Stats. § 657-13, which tolls the limitation period for prisoners who are incarcerated for a term less than life, does not toll his claims. *See Coles v. Eagle*, 2014 WL 2214046, at *4 (D. Haw. May 27, 2014) (citing *Dusenberry v. Cty. of Kauai*, 2007 WL 3022243, at *4 (D. Haw. Oct. 12, 2007).

A court may also extend the statute of limitation "to ensure fundamental practicality and fairness" by the application of Hawaii's doctrine of equitable tolling, "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Equitable tolling is appropriate in § 1983 cases where there is "timely notice, [lack] of prejudice to the defendant, and reasonable and good faith conduct

---

³ *Wallace* refers to the torts of false arrest and false imprisonment together as false imprisonment, because the former is "a species of the latter," and "[e]very confinement of the person is an imprisonment." 549 U.S. at 388-89 (citation omitted).

on the part of the plaintiff." *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983)).

Jones was granted 90 days to show cause why the court should equitably toll the statute of limitation here, but he has failed to respond.[4] Defendants have *not* had timely notice of Jones's claims and would clearly be prejudiced in defending against this suit, if these claims were not already barred under *Heck*. Finally, Jones does not show reasonable, good faith by raising these claims twenty-three years after they allegedly occurred. Equitable tolling is not appropriate and Jones's claims are DISMISSED with prejudice as time-barred.

## IV. 28 U.S.C. § 1915(g)

This dismissal may count as a "strike" under 28 U.S.C. § 1915(g). *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (holding a dismissal where the *Heck*-bar is apparent on the face of pleading, and the complaint seeks only damages, may incur a strike); *see also Belanus v. Clark*, 796 F.3d 1021, 1025-30 (9th Cir. 2011) (holding dismissal under applicable statute of limitation is subject to a strike).

---

[4] Jones was able to file a motion for appointment of counsel and the FAC, however.

Under the "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

(1) The First Amended Complaint is DISMISSED as time-barred and pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

(2) All pending motions are DENIED.

(3) The Clerk shall terminate this action and enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2018.



Jill A. Otake
United States District Judge

*Jones v. Soong, et al.*, No. 1:18-cv-00226 JAO-RLP; scrn '18 Jones 18-226 jao (dsm act. SOL Heck)